IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| XAVIER LANGFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-054 |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

## I.      BACKGROUND

On May 4, 2012, Petitioner pleaded guilty to armed robbery, attempted armed robbery, two counts of possession of a firearm during commission of a crime, and possession of marijuana with intent to distribute based on charges brought in Richmond County and Columbia County, Georgia, and the court sentenced Petitioner to ten years of confinement. (Doc. no. 1, p. 1; doc. no. 9, p. 1; doc. no. 9-1, p. 2; doc. no. 9-3, p. 2.)  Petitioner does not report filing a direct appeal, but he did file a state habeas corpus petition in the Superior Court of Tattnall County, Georgia, on May 11, 2015.  (Doc. no. 9, p. 2; doc. no. 9-1.)  The state habeas court denied relief on December 27, 2017, (id.), and, on November 5, 2018, the

Supreme Court of Georgia denied Petitioner's request for a certificate of probable cause to appeal, (doc. no. 9, p. 3; doc. no. 9-2, p. 2).

Petitioner executed the instant federal habeas corpus petition on January 30, 2019, and he originally filed it in the Middle District of Georgia.  (Doc. no. 1.)  United States District Judge Marc T. Treadwell transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in the Superior Courts of Richmond and Columbia County.  (Doc. no. 4.)  Petitioner raised four grounds of error in his initial federal petition.  (Doc. no. 1, pp. 5-10.)  First, Petitioner argues his guilty plea was involuntarily and fraudulently entered.  (Id. at 5.)  Second, Petitioner argues he was constructively denied counsel.  (Id. at 7.)  Third, Petitioner argues his arrest was warrantless and illegal.  (Id. at 8.)  Fourth, Petitioner argues "subject matter jurisdiction was not legally obtained to impose a sentence."  (Id. at 10.)  Petitioner states all grounds were presented to the state habeas court except for the fourth ground, which he claims is based on newly discovered evidence.  (Id. at 5-10.)  On April 16, 2019, Petitioner submitted an amended federal petition, which is virtually identical to his initial petition, except the amended petition includes several exhibits and does not include the claim raised in ground four of his initial petition.  (See generally doc. nos. 9; 9-1 – 9-10.)

## II.    DISCUSSION

### A.    The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

 (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  Because Petitioner did not file a direct appeal following his conviction in May of 2012, his conviction became "final" when the thirty-day period to appeal expired.  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").  Thus, Petitioner's conviction became final in June of 2012.

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period.  The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  Petitioner did not file his state habeas petition until May 11, 2015.  (Doc. no. 9, p. 2.)  Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed his

state habeas petition, meaning that no time period remained to be tolled.  <u>See</u> <u>Sibley v.</u> <u>Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Thus, the instant petition filed in January of 2019, over six years after his convictions became final in June of 2012, is untimely.

> **B.     The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

AEDPA describes three situations which may delay or reset its one-year statute of limitations:  (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).  Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections.

Petitioner does not mention an impediment to filing or a newly recognized right, but, in his initial petition, he does say his ground four claim concerning subject matter jurisdiction is based on "newly discovered evidence."  (Doc. no. 1, p. 10.)  In support of this ground, Petitioner states the indictment failed to charge the essential elements of the offenses alleges and the indictment omitted aggravating language, which is necessary to charge armed robbery.  (<u>Id.</u>)  However, Petitioner does not state with any particularity what the factual basis of his newly discovered evidence is, or when he discovered it.  Moreover, because

Petitioner's claim concerns alleged legal errors in his indictment, there is no basis for Petitioner's assertion the claim is based on newly discovered evidence. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations as to any of Petitioner's claims.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d

1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (*per curiam*) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 394-95 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the approximately six years between when his conviction became final and when he started seeking collateral relief in the state courts in 2015.  Nor has he presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the

§ 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of May, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA