IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| XAVIER LANGFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-054 |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 13.) Petitioner does not offer any new information, evidence, or argument that warrants a deviation from the Magistrate Judge's recommendation. Petitioner argues his petition is not untimely and he is entitled to equitable tolling because he waived his right to appeal his conviction by entering a guilty plea to the underlying state criminal charges. (Id. at 1-2.) Petitioner contends the state thereby created an impediment to filing his federal petition within the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Id.)

Even assuming Petitioner's appellate waiver prohibited him from filing a direct appeal of his conviction, his federal petition is still untimely because he waited almost three

years after his conviction to file his state habeas petition. (See Doc. no. 9-1, p. 1.) Petitioner provides no explanation excusing his lack of diligence in filing the state habeas petition. Furthermore, the state habeas court ruled on the merits of the grounds raised in his petition and did not rely on his appellate waiver to deny him relief, which indicates there was, in fact, no impediment preventing Petitioner from timely filing his state habeas petition. As the Magistrate Judge explained, the one-year limitations period had already expired by the time he filed his state habeas petition, and no time period remained to be tolled. (Doc. no. 11, pp. 3-4 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)). Accordingly, Petitioner's objections provide no basis for determining there was an impediment to Petitioner filing a state habeas petition prior to the expiration of the one-year limitations period under AEDPA.

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** this petition.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.

2

Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Finally, the docket reflects Petitioner has twice paid the $5.00 filing fee for this case. Accordingly, the Court **DIRECTS** the **CLERK** to **REFUND** the $5.00 overpaid for the filing fee. Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this _14th_ day of June, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.